## PASLEY v. BRADY MUT. LIFE ASS'N et al.
### (No. 7171.)

Court of Civil Appeals of Texas. Austin.
Oct. 19, 1927.

Rehearing Denied Nov. 2, 1927.

Writ of Error Dismissed for Want of Jurisdiction Jan. 4, 1928.

1. **Insurance** ⬤⟶750—**Benefit certificate, providing for forfeiture for nonpayment of dues 15 days after call, would not be forfeited until 15 days after date for payment (Rev. St. 1925, art. 4859).**

Under certificate of unincorporated local mutual aid association, organized under Rev. St. 1925, art. 4859, providing that failure to pay assessment or dues within 15 days after date of call shall forfeit membership, membership would not be forfeited for failure to pay dues payable November 1st and assessed October 5th until 15 days after November 1st had elapsed.

2. **Insurance** ⬤⟶750—**"Call" in benefit certificate fixes due date for existing liability, while "assessment" refers to demand for payment (Rev. St. 1925, art. 4859).**

Under certificate in mutual aid association organized under Rev. St. 1925, art. 4859, providing for forfeiture of membership for failure to pay assessment or dues within 15 days after call, word "call" means an official declaration that sums subscribed were required to be paid, or act in demanding payment of all or portion of unpaid subscriptions fixing due date of existing contractual liability, whereas an "assessment" is official act making demand for payment creating liability, though words generally are used synonymously.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Assessment; Call.]

3. **Insurance** ⬤⟶750—**Benefit certificate bylaws and assessment, construed together, showed "date of call" meant due date of payment for both dues and assessment, as affects forfeiture (Rev. St. 1925, art. 4859).**

Under by-laws of local mutual aid association organized under Rev. St. 1925, art. 4859, providing that both assessment and dues might be made payable at same time, and notice of assessment and dues, stipulating that last date of payment is November 1st, construed together with certificate providing for forfeiture of membership on failure to pay assessment or dues within 15 days after date of call, expression "date of call" meant date of payment for both assessment and dues stipulated as November 1st, and there was no forfeiture for nonpayment of assessment or dues until 15 days after date of payment.

4. **Insurance** ⬤⟶750—**Notice of assessment and dues, stipulating date of "last" payment, did not affect 15-day period after date of call before forfeiture (Rev. St. 1925, art. 4859).**

Where certificate of mutual aid association, organized under Rev. St. 1925, art. 4859, providing for forfeiture of membership on failure to pay assessment on dues within 15 days aft-

er date of call, and by-laws empowered secretary to make both assessment and dues payable simultaneously, word "last," in notice of assessment and dues stipulating last date of payment to be November 1st, referred to both dues and assessment, and did not affect 15-day period of grace allowed after date of call before forfeiture for failure to pay either dues or assessment.

5. **Insurance** ⬤⟶726—**Forfeitures of benefit certificates are not favored, and certificates are to be construed most strongly against association.**

Law does not favor forfeiture of insurance certificates in mutual aid association, and provisions of certificates are construed most strongly against association.

### On Motion for Rehearing.

6. **Insurance** ⬤⟶750—**Previous conduct between parties held not to show construction effecting forfeit of certificate on date of call rather than 15 days thereafter as specifically provided (Rev. St. 1925, art. 4859).**

In suit on certificate of mutual aid association, organized under Rev. St. 1925, art. 4859, providing for forfeiture on failure to pay assessment or dues within 15 days after date of call, defended on ground that insured failed to make payment on date stipulated in notice of assessment and dues made payable on same date, and making no mention of lapse of policy, previous notice of assessment, stating policy will lapse if amount is not payable by March 10th, but that policy may be reinstated if amount is paid before March 25th, if properly to be considered to show construction placed on forfeiture provision by parties, did not show that certificate was forfeited on failure to pay on date of call rather than 15 days thereafter.

7. **Insurance** ⬤⟶750—**Date of call of assessment and dues on benefit certificate held coincident under notice requiring payment of assessment and dues at same time and by-laws authorizing same (Rev. St. 1925, art. 4859).**

Where by-law of mutual aid association, organized under Rev. St. 1925, art. 4859, provided that assessments and collection of dues may be made at "one and the same time" and notice of assessment and dues stipulated for collection of both at same time, due date or date of call for both assessment and dues was thereby made coincident.

Appeal from District Court, McCulloch County; J. O. Woodward, Judge.

Suit by Mrs. M. A. Palsey against the Brady Mutual Life Association and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered as to named defendant; affirmed as to other defendants.

Newman & McCollum, of Brady, for appellant.

J. E. Shropshire, of Brady, for appellees.

McCLENDON, C. J. Suit by M. A. Pasley against the Brady Mutual Life Association, an unincorporated "local mutual aid association," organized under R. S. 1925, art. 4859,

and the officers and directors of the association, to recover upon a certificate insuring Mrs. Pasley in the sum of $1,000 upon the life of her husband. Trial to court without a jury and judgment for defendants.

The controlling question involved in the appeal is whether Mr. Pasley had forfeited his membership in the association at the time of his death. The essential facts follow:

Under the certificate and by-laws of the association, the members were required, in addition to an admission fee, to pay semiannual dues of $1, which at the time of Mr. Pasley's death were payable on the 1st day of March and November of each year, and additionally an assessment of $1 upon the death of each member. The by-laws provided that:

"The secretary treasurer shall have supervisory control of the association, pass on applications, pay out all claims against the association, provided that in all contested claims he shall refer the same to the president and board of directors."

"No assessment or collection of dues shall be made for an amount less than nor greater than one ($1.00) per member, provided assessments and collections of dues may be made at one and the same time, or a double assessment made when necessary."

The certificate provided:

"A failure to pay said assessment or dues within fifteen days after date of call shall forfeit his membership in this association.

"In sending out assessment notices it shall not be necessary for said association to do more than mail a written or printed notice properly stamped and addressed to said member at his or her last-known post office address."

Under date of October 5, 1925, the secretary sent out the following notice to each of the members:

"Notice of Assessment No. 11 and November Dues, 1925.

"This is to notify you of the death of Malchior E. Beyer, Mason, and Mrs. Susie C. Black, Brady, and of semiannual dues payable November 1, 1925.

"One member will pay for the two deaths, $1.00. A man and wife would be due $2.00, etc. To pay your November dues, double the amount.

"Assessment No. 11 should have been made September 5, 1925, but was delayed so that the assessment and November dues might be collected at the time time, avoiding expense to you and us. Last date of payment is November 1, 1925.

"This card stamped and returned to us will insure a return receipt. Your check indorsed by us is a good receipt.

"The 'Brady Mutual,' always good, was never better than now. Call on us or write us for correct information."

Both Mr. and Mrs. Pasley were members of the association, and a joint notice was addressed to them, which, for the purposes of this appeal, we will assume was mailed October 5, 1925.

Mr. Pasley died November 3, 1925. He had paid all previous dues and assessments except those covered by the above notice which had not been paid. The amount thereof was tendered to the secretary on November 10, 1925, but was declined on the ground that failure to pay the assessment on or prior to November 1, 1925, forfeited his membership. The secretary testified, in substance, that under the certificate and the custom of the association the November 1st dues must be paid within 15 days after November 1st, otherwise the policy lapsed.

[1, 2] The only provision either in the certificate or the by-laws of the association with reference to forfeiture of membership is the above-quoted provision of the certificate, and the question presented is whether under that provision membership was forfeited by reason of failure to pay the assessment of October 5, 1925, on or prior to November 1, 1925. The dues were payable November 1, 1925, and under this clause membership would not be forfeited for failure to pay them until 15 days after November 1st had elapsed. Appellees' contention, however, is that membership was forfeited because the assessment was not paid by November 1, 1925. Strictly speaking, "call" means "an official declaration that sums subscribed were required to be paid" (9 C. J. 1118), or the act of a corporation "demanding the payment of all or a portion of unpaid subscriptions," whereas "assessment," as applied to stockholders, is the official act of making a demand upon them for payment above the par value of their stock. Technically, therefore, a "call" fixes the due date of an existing contractual liability, whereas an "assessment" creates a liability. "Call" is quite generally used synonymously with "assessment"; and this is usually the holding when liability of a stockholder under a stock assessment is involved. See Campbell v. American Alkili Co. (C. C. A.) 125 F. 207; Wall v. Basin Mining Co., 16 Idaho, 313, 101 P. 733, 22 L. R. A. (N. S.) 1013. But the word is equivocal and is sometimes used synonymously with date of payment either of a "call" or of an "assessment." As was said in the early English case of Railway v. Mitchell, 4 Eschr. 540:

"The word 'call' is capable of three meanings. It may either mean the resolution, or its notification, or the time when it becomes payable. It must mean either one of these three."

In that case the court had for construction an act of Parliament requiring that calls for installments of stock subscription should be made at least three months apart; and, while it was not essential to the adjudication and was therefore not decided, the learned justice said:

"It is probable that the Legislature intended that the days of payment should not be nearer to each other than three months, as it might

be deemed inconvenient to the shareholders to find capital at shorter intervals."

[3] Construing together the forfeiture clause of the certificate, the by-laws, and the notice, we think the expression "date of call" means date of payment, and therefore Mr. Pasley's membership in the association was not forfeited at the time of his death.

The certificate read that "a failure to pay said assessment or dues within 15 days after call" should forfeit his membership. This was clearly a period of grace. It will be observed that "date of call" is applied to payment both of dues and of assessments. The dues were absolutely payable on the 1st of March and November of each year. As applied to them, "date of call" could only mean the date they were payable. The secretary's testimony concedes this, and in fact it admits of no other interpretation. The by-laws provided that both assessment and dues might be made payable at the same time, and the secretary's notice made them so. If appellees' contention were correct, the membership became forfeited when 15 days had expired after October 5, 1925, the date of notice. But the notice stipulated, "last date of payment is November 1, 1925." This was a clear statement that the assessment and dues, to both of which the notice alluded, were payable on that date.

[4] We attach no particular significance to the word "last" in the notice sentence reading, "last date of payment November 1, 1925." No distinction is made therein between dues and assessment, and manifestly the sentence referred to both, since the two were "called" to be paid at the same time, the due date of the dues. The secretary could not accelerate this due date, nor could he abrogate the 15-day period of grace as respects either the assessment or the dues. He had the express power both to make the assessment and to make it payable simultaneously with the dues. This the notice expressly states he did as a convenience both to himself and to the members of the association. Thereupon dues and assessment became so payable, and the 15-day period automatically attached to both. Any other construction of the notice, certificate, and by-laws would be strained and unnatural.

[5] This view seems to us so plain as not to require resort to the general rule of construction that the law does not favor forfeitures, and provisions therefor in instruments of this character are construed most strongly against the association.

This holding renders unnecessary a consideration of other questions raised by the appeal.

The trial court's judgment is reversed, and judgment is here rendered in favor of appellant against appellee, the Brady Mutual Life Association, for the sum of $998 ($1,000.00 less the November 1, 1925, dues and assess-

ment), together with 6 per cent. interest thereon per annum from the 23d day of May, 1927, and all costs of this court and the court below, except the costs of making the individual defendants parties to the suit. The trial court's judgment in favor of the other defendants is affirmed.

Affirmed in part, and in part reversed and rendered.

## On Motion for Rehearing by Brady Mutual Life Association.

[6, 7] In addition to questioning the correctness of our construction of the certificate, by-laws, and notice, the appellee association, in its motion for rehearing, urges that the cause should in any event be remanded on the theory that it would be able to show upon another trial that the parties in their previous dealings had given to the several instruments the construction for which it contends, and as evidence of this construction of the parties it sets forth one of these previous notices, which reads:

"This is to notify you of the deaths of J. H. Camel, Streeter, Texas, and David L. Bergstrom, Melvin, Texas.

"Each member pays for these two deaths $1.00. Failure to pay this amount by March 10th, 1925, will lapse your policy; however, policy may be reinstated if amount due is paid on or before March 25th, 1925. If you want a receipt, return this card with your remittance. It helps us a great deal when you pay promptly. Wouldn't it be more convenient to have your bank take care of these payments? If so, notify me and we will arrange for you. We always pay promptly. We always keep a full membership. We invite you to call at the office and let us show you what we are doing.

"February 20th, 1925.

"W. N. Ellis, Sec'y, Brady, Texas."

Assuming that we may consider this showing for the purpose of determining whether we should remand the cause instead of rendering judgment, the contention is overruled. Even if the record showed the state of facts which the motion alleges, the situation would in no way be altered. The notice copied related only to an assessment upon the death of two members. It did not give any date of payment, but merely recited the effect of failure to pay by March 10, 1925, and added, unconditionally, 15 days thereafter for reinstatement. This notice throws no light upon the proper construction to be placed upon the notice at issue. The assessment there was made under the general authority of the secretary to make it upon the death of a member. The assessment here in question was made under the by-law provision giving express authority to the effect that "assessments and collection of dues may be made at one and the same time." The notice specifically states that this authority was exercised in the language that the assessment "was delayed so that the assessment and

November dues might be collected at the same time, avoiding expense to you and to us." There is no statement that failure to pay the assessment by November 1st would lapse the policy. Nor is there any intimation that any different effect will be given to default in payment of assessment after November 1st, from that which would attach to default in payment of dues after that date. When the by-laws provide that assessments and collection of dues may be made at "one and the same time," and notice is given that the assessment is so made, the due date or "date of call" of each is made coincident; and the stipulation of the certificate, "A failure to pay said assessment or dues within 15 days after date of call shall forfeit the membership," means that there will be no forfeiture for nonpayment of assessment or dues until 15 days after the due date of the issue. We do not think the language under consideration is reasonably capable of other construction than we have given it, nor that the showing which the motion asserts could be made upon another trial would call for any different construction.

Southland Life Insurance Co. v. Hopkins (Tex. Com. App.) 244 S. W. 989, which appellee cites, is manifestly not in point. There the question was whether the grace which both the policy and the statute allowed beyond the due date of the premium should be added to the due date of a note given in payment and extending the time of payment of the premium beyond the contractual and statutory grace period. Here the question is what is meant by date of call of the assessment as applied to the notice calling for its payment at the same time the dues were payable. When that question is determined, fixing that date, then automatically 15 days of grace are added under the forfeiture clause.

The motion, including the request to certify, is overruled.

Overruled.